**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **AFNAN PARKER,** | | |
| | * | |
| *Plaintiff,* | | |
| | * | |
| **v.** | | **Case No. 1:23-cv-03321-JRR** |
| | * | |
| **WHOLE FOODS MARKET GROUP, INC.,** | | |
| | * | |
| *Defendant.* | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 9; "the Motion") and Defendant's opposition to same. The court has read the parties' papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On December 6, 2023, Plaintiff filed the Complaint against Defendant Whole Foods Market Group, Inc. (ECF No. 1.) The Complaint includes eight counts: Respondeat Superior (Count I); Negligent Hiring (Count II); Negligent Training and Negligent Supervision (Count III); Negligent Retention (Count IV); Intentional Infliction of Emotional Distress (Count V); Sexual Harassment (Count VI); Maryland Human Rights Act (Count VII); and Title VII of the Civil Rights Act of 1964 (Count VIII). (ECF No. 1 at p. 4–12.) On March 27, 2024, Defendant filed a 12(b)(6) motion to partially dismiss Plaintiff's Complaint. (ECF No. 6.) On April 11, 2024, Plaintiff filed a consent motion for extension of time to file a response, which the court granted. (ECF No. 7.) Plaintiff now seeks leave to file an amended complaint, which removes some counts, clarifies the remaining counts, and adds additional facts. (ECF No. 9.)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).  Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(3).

In this case, Defendant filed the 12(b)(6) motion on March 27, 2024.  (ECF No. 6.)  On April 11, 2024, Plaintiff filed a consent motion for extension of time to respond.  (ECF No. 7.) Although Plaintiff did not file the instant Motion until May 2, 2024, (outside the 21-day period allowed for an amendment as a matter of course under Rule 15(a)(1)), courts have concluded that an amendment is timely and permitted as a matter of course where a plaintiff requests, and is granted, an extension of time to respond to a 12(b) motion.  *See Hurd v. NDL, Inc.*, No. CIV. CCB-11-1944, 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012) ("[Plaintiff] filed her amended complaint 31 days after the defendants filed their motion to dismiss under Rule 12(b)(6). However, because [the plaintiff] requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course."); *All. Sols., Inc. v. Quest Software, Inc.*, No. CIV.A. ELH-11-2115, 2012 WL 692883, at *8 (D. Md. Mar. 1, 2012) (noting that "as the plain text of Rule 15(a)(1) provides, an amended complaint is a permissible response to a Rule 12(b) motion. Indeed, a party might opt to file an amended complaint in response to a Rule 12(b) motion, so as to cure the perceived deficiencies identified by such a motion, thereby bringing into sharp focus the basis of a plaintiff's complaint and facilitating efficient resolution of claims"); *Superior Performers, Inc. v. Phelps*, No. 1:15CV134, 2015 WL 13650060, at *1-2 (M.D.N.C. May 5, 2015) (allowing amendment where the court

previously granted the plaintiff an extension to respond to the defendants' 12(b) motion and "[s]uch an extension could be reasonably construed as applying to the time period for Plaintiff to amend its pleading under Rule 15(a)(1) as a matter of right"); *Fant v. Floyd*, No. 8:10-CV-00253-JMC, 2010 WL 5026949, at *1-2 (D.S.C. Dec. 2, 2010) (allowing amendment under Rule 15(a)(1) where the plaintiff filed a motion for an extension of time to "respond or otherwise plead" to the defendant's 12(b) motion); *Schwartz v. Chase Home Finance, LLC*, No. CV 10–2120, 2010 WL 5151326, at *2 (D. Ariz. Dec. 13, 2010) ("[B]ecause we granted plaintiff an extension until November 19, 2010 to file a response, we will construe that extension to apply to the time period to which to amend its pleading once as a matter of right.").

Regardless, the court finds that the amendment is proper under Rule 15(a)(2). Rule 15(a)(2) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

Defendant does not contend that the proposed amendments are prejudicial or were made in bad faith; rather, Defendant argues some of Plaintiff's proposed amendments should be disallowed on grounds of futility. The Fourth Circuit cautions that leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."

3

*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  Further, "[a] review for futility

is not equivalent to an evaluation of the underlying merits of the case."  *Next Generation Group,*

*LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5,

2012).  "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because

of substantive or procedural considerations, . . . conjecture about the merits of the litigation should

not enter into the decision whether to allow amendment.'"  *Id.* (quoting *Davis v. Piper Aircraft*

*Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 1141 (1980)).

The court in *Lavin v. Safeco Insurance Company of America* succinctly explained:

> As the Fourth Circuit has stated, a proposed amendment is futile
> when it "is clearly insufficient or frivolous on its face." *Johnson*,
> 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR
> R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND
> PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed
> amendment that clearly is frivolous, advancing a claim or defense
> that is legally insufficient on its face, or that fails to include
> allegations to cure defects in the original pleading, should be
> denied." (footnotes omitted)). . . .
>
> Recently, this Court discussed the overlap between a court's review
> for futility under Rule 15 and for failure to state a claim under Rule
> 12(b)(6):
>
>> There is no question, to be sure, that leave to amend
>> would be futile when an amended complaint could
>> not survive a Rule 12(b)(6) motion. *See U.S. ex rel.*
>> *Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370,
>> 376 (4th Cir. 2008). Yet the Court need not apply the
>> Rule 12(b)(6) standard when determining whether
>> leave to amend would be futile. The Court applies a
>> much less demanding standard: whether "the
>> proposed amendment is clearly insufficient or
>> frivolous on its face." *Johnson*, 785 F.2d at 510.
>
> *Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-
> 15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).
>
> Thus, it may be within the trial court's discretion to deny leave to
> amend when it is clear that a claim cannot withstand a Rule 12(b)(6)

4

motion. *See, e.g., Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Case No. 22-cv-1788, 2022 WL 17342051, at *1–2 (D. Md. Nov. 30, 2022).

The instant case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing"). The proposed amendments survive Rule 15, as the amendments do not prejudice any party, the case is in its nascent stage, the amendments are not clearly insufficient or frivolous on their face, and Plaintiff has not acted in bad faith. Moreover, Defendant's futility arguments are heavily rooted in the sufficiency and nature of the allegations; therefore, these defenses are better aired and evaluated by way of a 12(b)(6) motion. *See Lavin*, 2022 WL

17342051, at *2 (noting that while the procedure was lacking in efficiency, "the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint to be filed, then allowing Safeco to re-file its arguments in favor dismissal, if it so chooses, for this [c]ourt's substantive consideration under Rule 12(b)(6) standard")  *Id.*

For the reasons set forth herein, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 9) shall be, and is hereby, **GRANTED;** the Motion to Partially Dismiss Plaintiff's Complaint at ECF No. 6 shall be, and is hereby, **DENIED AS MOOT**.  Madam Clerk is directed to docket the Amended Complaint.  (ECF No. 9-1.)

/s/

June 27, 2024                                       _____
                                                                Julie R. Rubin
                                                                United States District Judge